# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-23477 |
| | § | |
| COMMERCE BANCORP, INC. | § | |
| | § | |
| | § | |
| Debtor | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/29/2009. The undersigned trustee was appointed on 06/29/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of               $408,479.79

        Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim distribution | $0.00 |
| Administrative expenses | $174,595.73 |
| Bank service fees | $26,457.15 |
| Other Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Exemptions paid to the debtor | $0.00 |
| Other payments to the debtor | $0.00 |
| Leaving a balance on hand of[1] | $207,426.91 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

6.  The deadline for filing non-governmental claims in this case was <u>11/18/2014</u> and the deadline for filing government claims was <u>11/18/2014</u>. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is <u>$23,673.99</u>. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received <u>$18,200.00</u> as interim compensation and now requests the sum of <u>$5,473.99</u>, for a total compensation of <u>$23,673.99</u>[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of <u>$0.00</u>, and now requests reimbursement for expenses of <u>$0.00,</u> for total expenses of <u>$0.00</u>.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: <u>05/28/2016</u>          By:  <u>/s/ Horace Fox, Jr.</u>
                                    Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:    1                Exhibit A

| | | |
|---|---|---|
| Case No.: | 09-23477 | |
| Case Name: | COMMERCE BANCORP, INC. | |
| For the Period Ending: | 5/28/2016 | |

| | |
|---|---|
| Trustee Name: | Horace Fox, Jr. |
| Date Filed (f) or Converted (c): | 06/29/2009 (f) |
| §341(a) Meeting Date: | 08/20/2014 |
| Claims Bar Date: | 11/18/2014 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | |
| 1 | Proceeds from deferred comp program(Rabbi trust) **(u)** | $0.00 | $307,399.84 | | $307,399.84 | FA |
| **Asset Notes:** | deferred comp plan proceeds. | | | | | |
| 2 | tax refund **(u)** | $0.00 | $100,000.00 | | $100,000.00 | FA |
| **Asset Notes:** | possible tax refund from loss carry backs in this involuntary. Pursuant to order of 01.07.2010 funds received from tax loss carrybacks shall be deposited into escrow account approved in order of that date. The FDIC and I will then determine who has a better claim to the. Currently, as of 11.15.2010 3 accounts in the name of FDIC as receiver for National Bank of Commerce and Horace Fox as Chap 7 Ttee for Commerce Bankcorp Inc. Segregated A/C <br><br> The PrivateBank <br> #2265842 Bus Now $2,097,310.05 <br> #2266123Bus checking account $713,679.04 and <br> #3167712 Business Money Market $245,384.00 <br><br> There have been settlement discussions at the $100,000 amount as of 4.10.12 | | | | | |
| 3 | Judy Baar Topinka IL Tax refund **(u)** | $0.00 | $0.00 | | $43.77 | FA |
| INT | Interest Earned **(u)** | Unknown | Unknown | | $1,036.18 | FA |

| | | | | | |
|---|---|---|---|---|---|
| **TOTALS (Excluding unknown value)** | | | | | **Gross Value of Remaining Assets** |
| | $0.00 | $407,399.84 | | $408,479.79 | $0.00 |

**Major Activities affecting case closing:**

Voicemail message from Wells Fargo (unsecured) asking rationale for excluding it from distribution. Two claims bar dates First 3.30.10 and second 11.18.14 (second date in notice of 341 meeting and not result of initial asset report). Claims 4,5 and 5 including Wells filed after 3.30.10

Made requested changes on this final report (show kind of account funds were in and change claims 4,5,6 and 8 tonon tardily filed claims and claims bar date to 11.18.14

Called Comerica, successor Bank to Sterling, asked for CD statement for #212039 for 2/10 statement. Was told it was not available.

Examine claims filed in response to 341 notice claims bar date (2nd) and object as needed.

IDR claim settled at 85,000, to be paid bf end of year.

Authorized counter of $70,000. to settle IDR claim.

$50,000 offer made to settle IDR claim 7.

Hearing set 12.15.15, briefing to occur in the interim.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page No:   2          Exhibit A

| Case No.: | 09-23477 |
| Case Name: | COMMERCE BANCORP, INC. |
| For the Period Ending: | 5/28/2016 |

| Trustee Name: | Horace Fox, Jr. |
| Date Filed (f) or Converted (c): | 06/29/2009 (f) |
| §341(a) Meeting Date: | 08/20/2014 |
| Claims Bar Date: | 11/18/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Hearing set on IDR claim  7.28.15

Remainder of de 'Medici fee request granted and 7.28.15 set for hearing on claim objection.

IDR objects to payment of Mr. de 'Medici's fee request because if IDR claim is upheld and this case will be administratively insolvent 340k in the account IDR claim in excess of $500,000.  We discussed the cases supporting and and those contrary to the IDR position.

IDR claim objection, 4.30.15.

IDR claim objection continued to 2.17.15.

IDR claim objection set in court 1.13.15.

Expect IDR claim objection to be filed 12.8.14

Read draft objection (IDR) sent for comment.

Had conversation with Aaron Gavant (BOA) regarding timing of filing of amended returns and the objection to claim of  ILDR.  11.5.14

Asked attorney to hire accountant and file objection to IDR claim.  Asked accountant to amend the two returns that will require amendment 9.29.14

Awaiting a response from IDR of our objection to its claim, which resolution will require amending two returns. 9.26.2014

 Creditor's meeting held 8.20.14, no new creditors appeared. meeting concluded, on date of meeting.

Illinois Department of Revenue claim must be objected to and 2 year's tax returns need to be amended, since the holding company and the debtor no longer qualify to file an integrated return. 7.21.14

341 meeting set for 8.20.14 in this involuntary case.  7.21.14

Since bank and holding company no longer qualify to file as a single integrated entity, object to IDR claim and file amended tax return for 2 years. 6.6.14

File objection to large IDR claim on basis that FDIC received all but $100k settlement and great majority of refunds went to it.  It should be taxed.  Mr. Solow will support this objection. 5.12.14

Schedules filed 5.15.14

Consultation with Ms. West, accountant indicates that we amend the Illinois return from 2011 and 2012, then file a separate return for the parent and the bank.  Since the parent has a loss for 2011 and the sub bank income would not be subject to tax based on FDIC theory, we should not have to disturb the federal consolidated return and this would have no effect on the refunds we received.  The purpose is to illustrate that once the FDIC become the receiver of the debtor, that our business activities were no longer integrated and dependent and did not qualify for  consolidated return treatment.   Schedule a meeting with counsel for FDIC, Mr. Solow to explain the theory and plan of action to get his buy in.5.27.15

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No.: | 09-23477 | Trustee Name: | Horace Fox, Jr. |
| Case Name: | COMMERCE BANCORP, INC. | Date Filed (f) or Converted (c): | 06/29/2009 (f) |
| For the Period Ending: | 5/28/2016 | §341(a) Meeting Date: | 08/20/2014 |
|  |  | Claims Bar Date: | 11/18/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Provided information and w-9 to bank to get check.5.30.13

Deposited settlment check 5.31.13

Funds transferred to FDIC

Attorney working on fees for final report check with accounant re final return. 8.9.13

Final tax returns filed 9.9.13 and last receipt, state income tax refund deposited 9.5.13.

Requested attorney object BOA secured claim. 10.9.13

Schedules must be file in this involuntary chapter 7.   2.20.24

Bank of America claim can be treated as unsecured, for distribution purposes, see Gavant e-mail of 2.24.14.

$508,000+ admin tax claim filed late by ILDR (3.30.14)  Sent e-mail to Mr. de 'Medici to object, renders case administratively insolvent.
GO BACK AND CHANGE THE T CODE AND FORM 2 MEMO IN THE COMMERCE BANK CORP DEPOSIT FOR 100K

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page No: 4    Exhibit A

| Case No.: | 09-23477 | Trustee Name: | Horace Fox, Jr. |
| Case Name: | COMMERCE BANCORP, INC. | Date Filed (f) or Converted (c): | 06/29/2009 (f) |
| For the Period Ending: | 5/28/2016 | §341(a) Meeting Date: | 08/20/2014 |
| | | Claims Bar Date: | 11/18/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Commerce, interim tee fees, reviewed initial draft of compromise agreement. 11.27.12

Since 12.26.12 to today, I have received 20+ emails from something called Holdco, which apparently attempts to buy litigation claims out of bankruptcy estates. Over this weekend after a conversation on Friday, 1.4.13 where we told them to present a non conditional offer, with proof of ability to pay. They want our continuing litigtion help ( turnover of documents and other conditions precedent ). Today's offer is 25% more than the FDIC offer, but still has conditions. If we move on this, we will offer a quite claim deed. Holdco has filed an objection to our motion to compromise with the FDIC.1.7.13

Received final tax notice from IL, ($494,748.10) penalties assessed. If no full payment by 1.23.13 costs of collection to be assessed. Reply 1.7.13

12.1.12 reviewed final motion to compromise.

Motion to compromise set 1.10.2013

FDIC objects to Holdco offer/ Holdco won't close. We take the FDIC offer. 1.18.13.

Had conversation with Holdco and its attorneys, whose 125,000 offer I turned down, due to amount of time spent in last 6 weeks and likelihood of additional briefing, litigation if 125,000 offer is accepted. Holdco verbally suggested they would offer 150,000. A fact they did not disclose, untill their lower offer had been rejected. 2.15.13 Another conference call set for 3 pm 2.18.13m, presumably to consider a written 150,000 offer. 3/10 hour Holdco call, 1.5/10 attorney.

FDIC filed response to Holdco objection to motion to approve settlement with FDIC, hearing set over to 2.19.13.

Holdco will withdraw its objection to the approval of the FDIC offer. It will also withdraw its offer. 2.27.13

The motion to compromise with the FDIC and Holdco's objection is set for 2.28.13 at 10:45 am. Granted draft order to follow, 1 week.

Reviewed draft settlment order. 3.5.13

5.13.13 reviewed final settlement agreement. Deliver to FDIC counsel Solow.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

Page No:   5          Exhibit A

ASSET CASES

| Case No.: | 09-23477 | | | Trustee Name: | Horace Fox, Jr. |
| Case Name: | COMMERCE BANCORP, INC. | | | Date Filed (f) or Converted (c): | 06/29/2009 (f) |
| For the Period Ending: | 5/28/2016 | | | §341(a) Meeting Date: | 08/20/2014 |
| | | | | Claims Bar Date: | 11/18/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Tax sharing agreement. Who is entitled to tax refund. The default is that if a signed copy is on in the FDIC records, then FDIC has a right to the money. I have problems with that theory because, FDIC controls what it puts in its files. Identical issue in Corus bank bk. Kirkland reps bank holding co. Kirkland filed 2 adversaries in bk court which were removed to District Court.

Received 897,808.47 2.23.11 to deposit into stip account/not trustee acct.

There is significant amount of money in the stipulated account in the name of myself and the FDIC and we continue to attempt to determine who has a better claim to those funds. 11.2.11

Motion for civil contempt v. Republic Bank 1.18.12

Tax sharing agreement not found in official FDIC records, which means we are in settlment mode. Request status. 3.11.12

We have had settlement discussions with the FDIC at the 75,000 level 4.5.12

The last offer on the table was at $100,000. To establish a superior claim to the funds, the FDIC had to have in its files a copy of a tax sharing agreement. After exhaustive search, none could be found. 4.10.12

Need status of latest offer. 6.29.12

Reviewed draft settlement motion on refund issue with FDIC. 10.6.12.
Issues to be resolved are getting schedules filed and examining tax returns for possible tax loss carryback funds.
Signed the Wintrust papers to transfer funds to Wintrust. 01.14.2011.

The FDIC is conducting a search of its documents to determine if it has certain documentary proof in its official file. If it does not, our claim is compromised. Research this point. 11.2.11
No 341 held. Involuntary, no schedules filed. Collecting money in escrow account to fight with FDIC to determine who has right to funds. 01.08.11
The issue of who, the FDIC or the bankruptcy estate, has a superior right to the tax loss carryback funds is an issue of first impression.12.10.10.
Recieved checks in large amounts of    . Delivered to BDM and he deposited them on 10/13/2010.
5.20.10 Lois West has been in communication with James Scanlon (former accountant, Commerce) who will prepare the the return from info from the FDIC. Lois West will prepare the holding company portion and the consolidated return (2009) in preparation for preparing the loss carryback claims.

Amended return for 2009 prepared and filed before 9.15.2010 deadline for substantial refund. Looking at 2008.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    6          Exhibit A

| Case No.: | 09-23477 | | Trustee Name: | Horace Fox, Jr. |
| Case Name: | COMMERCE BANCORP, INC. | | Date Filed (f) or Converted (c): | 06/29/2009 (f) |
| For the Period Ending: | 5/28/2016 | | §341(a) Meeting Date: | 08/20/2014 |
| | | | Claims Bar Date: | 11/18/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

Have applied to be outside counsel to FDIC, must disclose this case as possible conflict, perhaps resign.

3.15.10 meeting with FDIC counsel, Alan Solow to discuss the theories of why bk estate is entitled to any and all tax refunds.  Also need to find former officer, who can help us get schedules filed.  Emailed BDM 3.8.10.

Look for tax loss carry backs and ins.  Must look for former officer of this failed bank to get schedules filed in this involuntary.

Stipulation to deposit refund funds and other funds into an  escrow account, controlled by the stipulation, entered 01.07.10.

This is an involuntary filed by the creditors of a bank that has been taken over by the FDIC.  There may be two assets, the corpus of a Rabbi trust and possibly significant income tax returns.  There will be a fight as to whether I am entitled to such refunds.  We have agreed to secure the money and then argue about who has title to it.   Must find a former officer or some one sufficiently familiar with the former bank's busines to get schedules filed and hold 341.  Sent demand for turnover of Deferred Comp Plan to Wayne Hummer Trust, Ann Wiesbrock, by fax, e-mail and FedEx. Got Wayne Hummer funds, deposited into cd.

There are two Rabbi Trusts that are being investigated.  We need schedules to be filed in this involutary, by a former officer.

| Initial Projected Date Of Final Report (TFR): | 10/30/2013 | Current Projected Date Of Final Report (TFR): | 04/28/2016 | /s/ HORACE FOX, JR. |
| | | | | HORACE FOX, JR. |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 09-23477 | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|
| Case Name: | COMMERCE BANCORP, INC. | | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***7397 | | Checking Acct #: | ******7701 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | DDA |
| For Period Beginning: | 6/29/2009 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 5/28/2016 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 07/25/2011 | | STERLING BANK | Transfer Funds | 9999-000 | $280,493.83 | | $280,493.83 |
| 08/01/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $102.20 | $280,391.63 |
| 08/31/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $452.46 | $279,939.17 |
| 09/30/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $466.30 | $279,472.87 |
| 10/31/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $421.88 | $279,050.99 |
| 11/30/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $435.77 | $278,615.22 |
| 12/30/2011 | | Green Bank | Bank Service Fee | 2600-000 | | $449.60 | $278,165.62 |
| 01/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $448.87 | $277,716.75 |
| 02/06/2012 | 5001 | International Sureties, Ltd. | Bond Payment | 2300-000 | | $268.22 | $277,448.53 |
| 02/29/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $419.02 | $277,029.51 |
| 03/30/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $461.46 | $276,568.05 |
| 04/30/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $417.50 | $276,150.55 |
| 05/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $445.62 | $275,704.93 |
| 06/29/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $444.90 | $275,260.03 |
| 07/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $429.85 | $274,830.18 |
| 08/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $486.41 | $274,343.77 |
| 09/28/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $385.58 | $273,958.19 |
| 10/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $442.08 | $273,516.11 |
| 11/30/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $455.61 | $273,060.50 |
| 11/30/2012 | 5002 | Horace Fox | Interim compensation. Order entered 11/27/2012. | 2100-000 | | $18,200.00 | $254,860.50 |
| 12/31/2012 | | Green Bank | Bank Service Fee | 2600-000 | | $385.68 | $254,474.82 |
| 01/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $410.64 | $254,064.18 |
| 02/05/2013 | 5003 | International Sureties, Ltd. | Bond Payment | 2300-000 | | $301.40 | $253,762.78 |
| 02/28/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $370.04 | $253,392.74 |
| 03/29/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $408.89 | $252,983.85 |
| 04/30/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $395.07 | $252,588.78 |
| 05/31/2013 | (2) | The private Bank Member FDIC | settlement amount from FDIC | 1224-000 | $100,000.00 | | $352,588.78 |
| 05/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $433.89 | $352,154.89 |
| | | | **SUBTOTALS** | | $380,493.83 | $28,338.94 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No.: | 09-23477 | |
| Case Name: | COMMERCE BANCORP, INC. | |
| Primary Taxpayer ID #: | **-***7397 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 6/29/2009 | |
| For Period Ending: | 5/28/2016 | |

| | |
|---|---|
| Trustee Name: | Horace Fox, Jr. |
| Bank Name: | Green Bank |
| Checking Acct #: | ******7701 |
| Account Title: | DDA |
| Blanket bond (per case limit): | $5,000,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/28/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $513.27 | $351,641.62 |
| 07/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $567.44 | $351,074.18 |
| 08/30/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $603.07 | $350,471.11 |
| 09/05/2013 | (3) | Judy Baar Topinka | Tax refund | 1224-000 | $43.77 | | $350,514.88 |
| 09/30/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $510.87 | $350,004.01 |
| 10/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $564.80 | $349,439.21 |
| 11/29/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $563.88 | $348,875.33 |
| 12/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $544.81 | $348,330.52 |
| 01/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $598.36 | $347,732.16 |
| 02/28/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $506.83 | $347,225.33 |
| 03/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $524.16 | $346,701.17 |
| 04/01/2014 | 5004 | INTERNATIONAL SURETIES LTD | Bond Payment | 2300-000 | | $294.88 | $346,406.29 |
| 04/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $541.07 | $345,865.22 |
| 05/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $576.12 | $345,289.10 |
| 06/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $521.24 | $344,767.86 |
| 07/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $556.35 | $344,211.51 |
| 08/29/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $573.37 | $343,638.14 |
| 09/30/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $518.75 | $343,119.39 |
| 10/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $589.41 | $342,529.98 |
| 11/28/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $499.24 | $342,030.74 |
| 12/31/2014 | | Green Bank | Bank Service Fee | 2600-000 | | $551.93 | $341,478.81 |
| 01/30/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $568.81 | $340,910.00 |
| 02/26/2015 | 5005 | Arthur B. Levine Company | Bond Payment | 2300-000 | | $270.81 | $340,639.19 |
| 02/27/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $496.88 | $340,142.31 |
| 03/18/2015 | 5006 | Bruce de 'Medici | Payment for Interim Order awarding and authorizing payment of compensation. Order dated 3/17/15. | 3210-000 | | $25,000.00 | $315,142.31 |
| 03/31/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $514.51 | $314,627.80 |
| 04/30/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $491.33 | $314,136.47 |
| | | | **SUBTOTALS** | | $43.77 | $38,062.19 | |

Exhibit B

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No. | 09-23477 | | | Trustee Name: | Horace Fox, Jr. | |
| Case Name: | COMMERCE BANCORP, INC. | | | Bank Name: | Green Bank | |
| Primary Taxpayer ID #: | **-***7397 | | | Checking Acct #: | ******7701 | |
| Co-Debtor Taxpayer ID #: | | | | Account Title: | DDA | |
| For Period Beginning: | 6/29/2009 | | | Blanket bond (per case limit): | $5,000,000.00 | |
| For Period Ending: | 5/28/2016 | | | Separate bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 05/08/2015 | 5007 | Bruce de 'Medici | Third Interim compensation order dates 4/30/2015 | 3210-000 | | $17,167.50 | $296,968.97 |
| 05/29/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $489.94 | $296,479.03 |
| 06/30/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $462.99 | $296,016.04 |
| 07/31/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $508.49 | $295,507.55 |
| 08/31/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $446.09 | $295,061.46 |
| 09/30/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $460.78 | $294,600.68 |
| 10/30/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $490.73 | $294,109.95 |
| 11/30/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $443.98 | $293,665.97 |
| 12/15/2015 | 5008 | Illinois Department of Revenue | per court order, 12.15.15, to pay IDR 85,000. in full compromise of its claim | 2820-000 | | $85,000.00 | $208,665.97 |
| 12/31/2015 | | Green Bank | Bank Service Fee | 2600-000 | | $438.49 | $208,227.48 |
| 01/29/2016 | | Green Bank | Bank Service Fee | 2600-000 | | $336.01 | $207,891.47 |
| 02/29/2016 | | Green Bank | Bank Service Fee | 2600-000 | | $313.83 | $207,577.64 |
| 03/04/2016 | 5009 | Arthur B. Levine Company | bond  payment 2016 | 2300-000 | | $150.73 | $207,426.91 |
| | | | | **SUBTOTALS** | $0.00 | $106,709.56 | |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| Case No. | 09-23477 | |
| Case Name: | COMMERCE BANCORP, INC. | |
| Primary Taxpayer ID #: | **-***7397 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 6/29/2009 | |
| For Period Ending: | 5/28/2016 | |

| | |
|---|---|
| Trustee Name: | Horace Fox, Jr. |
| Bank Name: | Green Bank |
| Checking Acct #: | ******7701 |
| Account Title: | DDA |
| Blanket bond (per case limit): | $5,000,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| | | | **TOTALS:** | | $380,537.60 | $173,110.69 | $207,426.91 |
| | | | **Less: Bank transfers/CDs** | | $280,493.83 | $0.00 | |
| | | | **Subtotal** | | $100,043.77 | $173,110.69 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $100,043.77 | $173,110.69 | |

| For the period of 6/29/2009 to 5/28/2016 | | For the entire history of the account between 07/25/2011 to 5/28/2016 | |
|---|---|---|---|
| Total Compensable Receipts: | $100,043.77 | Total Compensable Receipts: | $100,043.77 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $100,043.77 | Total Comp/Non Comp Receipts: | $100,043.77 |
| Total Internal/Transfer Receipts: | $280,493.83 | Total Internal/Transfer Receipts: | $280,493.83 |
| | | | |
| Total Compensable Disbursements: | $173,110.69 | Total Compensable Disbursements: | $173,110.69 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $173,110.69 | Total Comp/Non Comp Disbursements: | $173,110.69 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| Case No. | 09-23477 | |
| Case Name: | COMMERCE BANCORP, INC. | |
| Primary Taxpayer ID #: | **-***7397 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 6/29/2009 | |
| For Period Ending: | 5/28/2016 | |

| | |
|---|---|
| Trustee Name: | Horace Fox, Jr. |
| Bank Name: | STERLING BANK |
| Certificate of Deposits Acct #: | ******2039 |
| Account Title: | CD |
| Blanket bond (per case limit): | $5,000,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 11/24/2009 | (1) | Wayne Hummer | deferred compensation plan, proceeds of Rabbi trust, Certificate Of deposits | 1221-000 | $307,395.04 | | $307,395.04 |
| 12/08/2009 | (1) | Wayne Hummer | deferred compensation plan proceeds, second installment of $4.80 | 1221-000 | $4.80 | | $307,399.84 |
| 02/22/2010 | (INT) | Sterling Bank | Interest Earned For February | 1270-000 | $265.28 | | $307,665.12 |
| 04/23/2010 | | Transfer To Acct#******3477 | Bruce de 'Medici fees | 9999-000 | | $19,770.94 | $287,894.18 |
| 04/28/2010 | | Transfer To  # ******3477 | Transfer For Bond Payment | 9999-000 | | $263.69 | $287,630.49 |
| 05/23/2010 | (INT) | Sterling Bank | Interest Earned For May | 1270-000 | $259.76 | | $287,890.25 |
| 08/21/2010 | (INT) | Sterling Bank | Interest Earned For August | 1270-000 | $248.45 | | $288,138.70 |
| 11/19/2010 | (INT) | Sterling Bank | Interest Earned For November | 1270-000 | $71.04 | | $288,209.74 |
| 02/17/2011 | (INT) | Sterling Bank | Interest Earned For February | 1270-000 | $71.06 | | $288,280.80 |
| 03/02/2011 | | Transfer To  # ******3477 | Transfer For Bond Payment | 9999-000 | | $258.06 | $288,022.74 |
| 05/18/2011 | (INT) | Sterling Bank | Interest Earned For May | 1270-000 | $71.02 | | $288,093.76 |
| 06/03/2011 | | Transfer To Acct#******3477 | transfer for de 'Medici fees and costs | 9999-000 | | $7,649.50 | $280,444.26 |
| 07/21/2011 | (INT) | STERLING BANK | Account Closing Interest As Of 7/21/2011 | 1270-000 | $49.57 | | $280,493.83 |
| 07/21/2011 | | Transfer To:  # ******3477 | Transfer to Close Account | 9999-000 | | $280,493.83 | $0.00 |

| | | | | SUBTOTALS | $308,436.02 | $308,436.02 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No. | 09-23477 | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|
| Case Name: | COMMERCE BANCORP, INC. | | Bank Name: | STERLING BANK |
| Primary Taxpayer ID #: | **-***7397 | | Certificate of Deposits Acct #: | ******2039 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | CD |
| For Period Beginning: | 6/29/2009 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 5/28/2016 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| | | TOTALS: | | | $308,436.02 | $308,436.02 | $0.00 |
| | | Less: Bank transfers/CDs | | | $0.00 | $308,436.02 | |
| | | Subtotal | | | $308,436.02 | $0.00 | |
| | | Less: Payments to debtors | | | $0.00 | $0.00 | |
| | | Net | | | $308,436.02 | $0.00 | |

| For the period of 6/29/2009 to 5/28/2016 | | For the entire history of the account between 11/24/2009 to 5/28/2016 | |
|---|---|---|---|
| Total Compensable Receipts: | $308,436.02 | Total Compensable Receipts: | $308,436.02 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $308,436.02 | Total Comp/Non Comp Receipts: | $308,436.02 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $308,436.02 | Total Internal/Transfer Disbursements: | $308,436.02 |

**FORM 2**

Page No: 7          Exhibit B

## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| Case No. | 09-23477 | |
| Case Name: | COMMERCE BANCORP, INC. | |
| Primary Taxpayer ID #: | **-***7397 | |
| Co-Debtor Taxpayer ID #: | | |
| For Period Beginning: | 6/29/2009 | |
| For Period Ending: | 5/28/2016 | |

| | |
|---|---|
| Trustee Name: | Horace Fox, Jr. |
| Bank Name: | STERLING BANK |
| Checking Acct #: | ******3477 |
| Account Title: | Checking |
| Blanket bond (per case limit): | $5,000,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 04/23/2010 | | Transfer From Acct#**2039 | transfer Smith Amundson fees | 9999-000 | $19,770.94 | | $19,770.94 |
| 04/23/2010 | 2 | Bruce de'Medici and SmithAmundsen LLC | Pursuant to order entered 4/6/2010 | 3210-000 | | $19,760.00 | $10.94 |
| 04/23/2010 | 3 | Bruce de'Medici and SmithAmundsen LLC | Smith Amundson expenses | 3220-000 | | $10.94 | $0.00 |
| 04/28/2010 | | Transfer From # **2039 | Transfer For Bond Payment | 9999-000 | $263.69 | | $263.69 |
| 04/28/2010 | 4 | International Sureties, LTD. | Bond Payment | 2300-000 | | $263.69 | $0.00 |
| 03/02/2011 | | Transfer From # **2039 | Transfer For Bond Payment | 9999-000 | $258.06 | | $258.06 |
| 03/02/2011 | 5 | International Sureties, Ltd. | Bond Payment - No. 01-6026455 | 2300-000 | | $258.06 | $0.00 |
| 06/03/2011 | | Transfer From Acct#**2039 | transfer Smith Amundson fees | 9999-000 | $7,649.50 | | $7,649.50 |
| 06/03/2011 | 6 | Bruce de'Medici and Belongia, Shapiro & Franklin LLP | Attorney's Fees, Belongia Shapiro & Franklin LLP | 3210-000 | | $7,649.50 | $0.00 |
| 07/21/2011 | | Transfer From: # **2039 | Transfer to Close Account | 9999-000 | $280,493.83 | | $280,493.83 |
| 07/25/2011 | | Green Bank | Transfer Funds Green Bk. | 9999-000 | | $280,493.83 | $0.00 |

| | | | | |
|---|---|---|---|---|
| | TOTALS: | $308,436.02 | $308,436.02 | $0.00 |
| | Less: Bank transfers/CDs | $308,436.02 | $280,493.83 | |
| | Subtotal | $0.00 | $27,942.19 | |
| | Less: Payments to debtors | $0.00 | $0.00 | |
| | Net | $0.00 | $27,942.19 | |

| For the period of 6/29/2009 to 5/28/2016 | | For the entire history of the account between 04/23/2010 to 5/28/2016 | |
|---|---|---|---|
| Total Compensable Receipts: | $0.00 | Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 | Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $308,436.02 | Total Internal/Transfer Receipts: | $308,436.02 |
| | | | |
| Total Compensable Disbursements: | $27,942.19 | Total Compensable Disbursements: | $27,942.19 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $27,942.19 | Total Comp/Non Comp Disbursements: | $27,942.19 |
| Total Internal/Transfer Disbursements: | $280,493.83 | Total Internal/Transfer Disbursements: | $280,493.83 |

**FORM 2** Page No: 8   Exhibit B

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | | | | | |
|---|---|---|---|---|---|---|
| **Case No.** | 09-23477 | | | **Trustee Name:** | | Horace Fox, Jr. |
| **Case Name:** | COMMERCE BANCORP, INC. | | | **Bank Name:** | | STERLING BANK |
| **Primary Taxpayer ID #:** | **-***7397 | | | **Checking Acct #:** | | ******3477 |
| **Co-Debtor Taxpayer ID #:** | | | | **Account Title:** | | Checking |
| **For Period Beginning:** | 6/29/2009 | | | **Blanket bond (per case limit):** | | $5,000,000.00 |
| **For Period Ending:** | 5/28/2016 | | | **Separate bond (if applicable):** | | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| | **NET DEPOSITS** | **NET DISBURSE** | **ACCOUNT BALANCES** |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | $408,479.79 | $201,052.88 | $207,426.91 |

| For the period of 6/29/2009 to 5/28/2016 | | For the entire history of the case between 06/29/2009 to 5/28/2016 | |
|---|---|---|---|
| Total Compensable Receipts: | $408,479.79 | Total Compensable Receipts: | $408,479.79 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $408,479.79 | Total Comp/Non Comp Receipts: | $408,479.79 |
| Total Internal/Transfer Receipts: | $588,929.85 | Total Internal/Transfer Receipts: | $588,929.85 |
| | | | |
| Total Compensable Disbursements: | $201,052.88 | Total Compensable Disbursements: | $201,052.88 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $201,052.88 | Total Comp/Non Comp Disbursements: | $201,052.88 |
| Total Internal/Transfer Disbursements: | $588,929.85 | Total Internal/Transfer Disbursements: | $588,929.85 |

CLAIM ANALYSIS REPORT                                        Page No: 1          Exhibit C

| Case No. | 09-23477 | | | | | | Trustee Name: | Horace Fox, Jr. | | | |
| Case Name: | COMMERCE BANCORP, INC. | | | | | | Date: | 5/28/2016 | | | |
| Claims Bar Date: | 11/18/2014 | | | | | | | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HORACE FOX<br><br>6 E. Monroe, # 1004<br>Chicago IL 60603 | 09/14/2011 | Trustee Compensation | Allowed | 2100-000 | $0.00 | $23,673.99 | $23,673.99 | $18,200.00 | $0.00 | $0.00 | $5,473.99 |
| | HORACE FOX, JR.<br>6 East Monroe<br>Suite 1004<br>Chicago IL 60603 | 01/30/2014 | Trustee Expense | Allowed | 2200-000 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | LOIS WEST, POPOWCER KATTEN LLP<br><br>35 E. Wacker Dr., #1350<br>Chicago IL 60601 | 01/30/2014 | Accountant for Trustee Expenses (Other Firm) | Allowed | 3420-000 | $0.00 | $73.97 | $73.97 | $0.00 | $0.00 | $0.00 | $73.97 |
| | POPOWCER KATTEN LTD AND LOIS WEST<br><br>35 E. Wacker Dr. #1550<br>Chicago IL 60601 | 09/14/2011 | Accountant for Trustee Fees (Other Firm) | Allowed | 3410-000 | $0.00 | $30,619.50 | $30,619.50 | $0.00 | $0.00 | $0.00 | $30,619.50 |
| **Claim Notes:** through 11.22.2013 | | | | | | | | | | | | |
| | SMITHAMUNDSEN LLC<br><br>150 N. Michigan #3300<br>Chicago IL 60601 | 04/23/2010 | Attorney for Trustee Expenses (Other Firm) | Allowed | 3220-000 | $0.00 | $10.94 | $10.94 | $10.94 | $0.00 | $0.00 | $0.00 |
| | SMITHAMUNDSEN LLC<br><br>150 N. Michigan #3300<br>Chicago IL 60601 | 04/23/2010 | Attorney for Trustee Fees (Other Firm) | Allowed | 3210-000 | $0.00 | $19,760.00 | $19,760.00 | $19,760.00 | $0.00 | $0.00 | $0.00 |
| | BELONGIA, SHAPIRO & FRANKLIN/ BRUCE DE 'MEDICI<br>Twenty South Clark<br>Two First National Plaza #300<br>Chicago IL 60603 | 10/10/2015 | Attorney for Trustee Fees (Other Firm) | Allowed | 3210-000 | $0.00 | $7,649.50 | $7,649.50 | $7,649.50 | $0.00 | $0.00 | $0.00 |

Page No: 2

CLAIM ANALYSIS REPORT

Exhibit C

| Case No. | 09-23477 | | | | | Trustee Name: | | Horace Fox, Jr. | | | |
| Case Name: | COMMERCE BANCORP, INC. | | | | | Date: | | 5/28/2016 | | | |
| Claims Bar Date: | 11/18/2014 | | | | | | | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | BRUCE DE 'MEDICI<br><br>17W703 Butterfield Rd.,<br>Oak Brook Terrace IL 60181 | 12/15/2015 | Attorney for Trustee Fees (Other Firm) | Allowed | 3210-000 | $0.00 | $57,150.00 | $57,150.00 | $42,167.50 | $0.00 | $0.00 | $14,982.50 |
| 1 | WAYNE HUMMER TRUST COMPANY NA<br>c/o Ann P Wiesbrock VP<br>25 E Fist Street<br>Hinsdale IL 60521 | 11/16/2009 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $400.00 | $400.00 | $0.00 | $0.00 | $0.00 | $400.00 |
| 2 | BANK OF AMERICA, N.A.<br>231 South La Salle Street<br>IL1-231-19<br>Chicago IL 60604 | 03/16/2010 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $10,599,981.57 | $10,599,981.57 | $0.00 | $0.00 | $0.00 | 10,599,981.57 |

**Claim Notes:** Asked Mr. Kiriakos, attorney (filed claim) At Mayer Brown to amend to unsecured, since collateral has no value 1.30.2014. Kiriakos has not file amended claim, e-mail, then file objection. See 2.24.14 e-mail from Mayer Brown attorney, Aaron Gavant, indicating that for distribution purposes this claim can be treated as unsecured, since the collateral has no market value and the trustee sold no property which secures his claim.

| 3 | FEDERAL DEPOSIT INSURANCE CORPORATION<br>William B Guthrie/DLA Piper LLP (US)<br>203 N LaSalle St, Ste 1900<br>Chicago IL 60601 | 03/30/2010 | General Unsecured 726(a)(2) | Withdrawn | 7100-000 | $0.00 | $3,755,052.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Claim Notes:** Docket entry 62 orders (02.28.2013) that, "the entry of this order shall constitute and have the effect of withdrawal of claim #3 of the FDIC... and the Clerk shall reflect the voluntary withdrawal of claim #3 on the claims register for this case."

| 4 | US BANK NAT'L ASSOCIATION, AS INDENTURE TRUSTEE<br>One Federal Street, 3rd fl<br>Boston MA 02110 | 05/30/2013 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $11,078,267.15 | $11,078,267.15 | $0.00 | $0.00 | $0.00 | 11,078,267.15 |

**Claim Notes:** Treat as unsecured claim, by virtue of claims bar date. No request for administrative status made. Notice final report to creditor at claim address.

CLAIM ANALYSIS REPORT   Page No: 3   Exhibit C

| Case No. | 09-23477 | | | | | | | Trustee Name: | Horace Fox, Jr. | | |
| Case Name: | COMMERCE BANCORP, INC. | | | | | | | Date: | 5/28/2016 | | |
| Claims Bar Date: | 11/18/2014 | | | | | | | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | FINANCIALS RESTRUCTURING PARTNERS, LTD. C/O HOLDCO ADVISORS, L.P.<br>32 Broadway, Suite1112<br>New York NY 1004 | 09/26/2013 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $10,000,000.00 | $10,000,000.00 | $0.00 | $0.00 | $0.00 | 10,000,000.00 |

**Claim Notes:**   Treat as unsecured non priority claim by virtue of date filed.  No request for administrative status made.  Notice creditor on final report at claim address. 1.30.2014

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | WELLS FARGO BANK NATIONAL ASSOCIATION<br>Corporate Tr Services<br>Attn: Peter Favorite<br>625 Marquette Ave.,<br>MAC N9311-161<br>Minneapolis MN 55479 | 01/30/2014 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $6,471,606.10 | $6,471,606.10 | $0.00 | $0.00 | $0.00 | $6,471,606.10 |
| 8 | U.S. BANK NAT'L ASSN, AS T'EE INSTITUTIONAL<br>t'ee and Gaurantee t'ee<br>Attn James H. Byrnes<br>One Federal St.,<br>3rd Flr.,<br>Boston MA 02110 | 10/28/2014 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $11,087,459.33 | $11,087,459.33 | $0.00 | $0.00 | $0.00 | 11,087,459.33 |

**Claim Notes:**   8  seems to amend 4 (late, filed by same person, nearly same amount) but is not said to amend 4.

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | ILLINOIS DEPARTMENT OF REVENUE<br>Bankruptcy Section<br>POB 64338<br>Chicago IL 60664-0338 | 03/28/2014 | Other State or Local Taxes (post-petition) | Allowed | 2820-000 | $0.00 | $508,821.52 | $85,000.00 | $85,000.00 | $0.00 | $0.00 | $0.00 |

**Claim Notes:**   2011 State taxes, late claim, further, when FDIC is the receiver, as in this case, it is exempt from State and local taxation.  FDIC got lion's share of the refunds over multiple years of tax filing.  3.31.14

Docket at 100  allows $85,000.00 for the payment of any IDR claim.

| | | | | | | $53,640,525.57 | $49,461,652.05 | $172,787.94 | $0.00 | $0.00 | 49,288,864.11 |

CLAIM ANALYSIS REPORT                                                                                    Page No: 4                    Exhibit C

| | |
|---|---|
| **Case No.** 09-23477 | **Trustee Name:** Horace Fox, Jr. |
| **Case Name:** COMMERCE BANCORP, INC. | **Date:** 5/28/2016 |
| **Claims Bar Date:** 11/18/2014 | |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| Accountant for Trustee Expenses (Other Firm) | $73.97 | $73.97 | $0.00 | $0.00 | $0.00 | $73.97 |
| Accountant for Trustee Fees (Other Firm) | $30,619.50 | $30,619.50 | $0.00 | $0.00 | $0.00 | $30,619.50 |
| Attorney for Trustee Expenses (Other Firm) | $10.94 | $10.94 | $10.94 | $0.00 | $0.00 | $0.00 |
| Attorney for Trustee Fees (Other Firm) | $84,559.50 | $84,559.50 | $69,577.00 | $0.00 | $0.00 | $14,982.50 |
| General Unsecured 726(a)(2) | $52,992,766.15 | $49,237,714.15 | $0.00 | $0.00 | $0.00 | $49,237,714.15 |
| Other State or Local Taxes (post-petition) | $508,821.52 | $85,000.00 | $85,000.00 | $0.00 | $0.00 | $0.00 |
| Trustee Compensation | $23,673.99 | $23,673.99 | $18,200.00 | $0.00 | $0.00 | $5,473.99 |
| Trustee Expense | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No.:        09-23477
Case Name:       COMMERCE BANCORP, INC.
Trustee Name:    Horace Fox, Jr.

Balance on hand:           $207,426.91

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors:       $0.00
Remaining balance:       $207,426.91

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Horace Fox, Trustee Fees | $23,673.99 | $18,200.00 | $5,473.99 |
| Bruce de'Medici and Belongia, Shapiro & Franklin LLP, Attorney for Trustee Fees | $7,649.50 | $7,649.50 | $0.00 |
| Bruce de'Medici and SmithAmundsen LLC, Attorney for Trustee Expenses | $10.94 | $10.94 | $0.00 |
| Popowcer Katten LTD and  Lois West, Accountant for Trustee Fees | $30,619.50 | $0.00 | $30,619.50 |
| Lois West, Popowcer Katten LLP, Accountant for Trustee Expenses | $73.97 | $0.00 | $73.97 |
| Other: Bruce de'Medici and SmithAmundsen LLC, Attorney for Trustee Fees | $19,760.00 | $19,760.00 | $0.00 |
| Other: Bruce de 'Medici, Attorney for Trustee Fees | $57,150.00 | $42,167.50 | $14,982.50 |

Total to be paid for chapter 7 administrative expenses:       $51,149.96
Remaining balance:       $156,276.95

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

Total to be paid to prior chapter administrative expenses:       $0.00
Remaining balance:       $156,276.95

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

| | |
|---|---|
| Total to be paid to priority claims: | $0.00 |
| Remaining balance: | $156,276.95 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $49,237,714.15 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Wayne Hummer Trust Company NA | $400.00 | $0.00 | $1.28 |
| 2 | Bank of America, N.A. | $10,599,981.57 | $0.00 | $33,643.57 |
| 4 | US Bank Nat'l Association, as Indenture Trustee | $11,078,267.15 | $0.00 | $35,161.62 |
| 5 | Financials Restructuring Partners, Ltd. C/O HoldCo Advisors, L.P. | $10,000,000.00 | $0.00 | $31,739.28 |
| 6 | Wells Fargo Bank National Association | $6,471,606.10 | $0.00 | $20,540.41 |
| 8 | U.S. Bank Nat'l Assn, as t'ee Institutional | $11,087,459.33 | $0.00 | $35,190.79 |

| | |
|---|---|
| Total to be paid to timely general unsecured claims: | $156,276.95 |
| Remaining balance: | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

| | |
|---|---|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

| | |
|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |